UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL CRUMBLE,

                Plaintiff,

-against-

UNITED STATES OF AMERICA; WARDEN SAGE; MS. SWABOSKI (NPC Provider); MR. SEFFAN, Asst. Physician; MS. LOURY, Paramedic; MR. KUBIC, Counselor,

                Defendants.

1:23-CV-4427 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Michael Crumble, who is currently incarcerated in the Federal Correctional Institution in Otisville, New York ("FCI Otisville"), filed this *pro se* action asserting claims under the Freedom of Information Act; the Federal Tort Claims Act ("FTCA"); 42 U.S.C. §§ 1981, 1983, 1985, and 1986; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and 28 U.S.C. § 2241. He sues: (1) the United States of America; (2) Warden Sage, the Warden of the Federal Correctional Institution (Schuylkill), located in Minersville, Pennsylvania ("FCI Schuylkill"); (3) Ms. Swaboski, an "NPC Provider" at FCI Schuylkill; (4) Mr. Seffan, an Assistant Physician at FCI Schuylkill; (5) Ms. Loury, a paramedic at FCI Schuylkill; and (6) and Mr. Kubi, a counselor at FCI Schuylkill. He seeks damages and declaratory relief. Plaintiff may also be seeking injunctive relief, specifically, "adequate medical attention" or his release to home confinement for the purpose of receiving adequate medical treatment at his own expense. (ECF 1, at 9.)

      The Court construes Plaintiff's complaint as asserting: (1) claims for damages under FTCA against the United States of America arising from events alleged to have occurred at both FCI Schuylkill and at FCI Otisville; (2) claims for damages under *Bivens* against Defendants

Sage, Swaboski, Seffan, Loury, and Kubic (who are all allegedly located at FCI Schuylkill), and against individual members of the staff at FCI Otisville; and (3) claims for *habeas corpus* relief under 28 U.S.C. § 2241 with respect to the execution of Plaintiff's federal sentence in which Plaintiff seeks adequate medical treatment while he is incarcerated at FCI Otisville or his release to home confinement for the purpose of seeking adequate medical treatment at his own expense.

By order dated July 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons stated below, the Court: (1) severs from this action Plaintiff's claims brought under the FTCA against the United States of America arising from events alleged to have occurred at FCI Schuylkill, and transfers them to the United States District Court for the Middle District of Pennsylvania; (2) severs from this action Plaintiff's claims under *Bivens* against Defendants Sage, Swaboski, Seffan, Loury, and Kubic, and transfers them to the United District Court for the Middle District of Pennsylvania; (3) grants Plaintiff leave to amend his complaint as to his claims brought under the FTCA against the United States of America arising from events alleged to have occurred at FCI Otisville; (4) grants Plaintiff leave to amend his complaint as to his possible claims under *Bivens* against members of the FCI Otisville staff; and (5) grants Plaintiff leave to amend his complaint as to his claims for *habeas corpus* relief under Section 2241.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In addition, the Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman,* 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "'from compliance with relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Plaintiff's claims largely arise from his allegations that officials at FCI Schuylkill, including the individual defendants, did not provide him with adequate medical care while he was incarcerated there, and denied his requests for such care. Some of Plaintiff's claims, however, appear to arise from his allegations that officials at FCI Otisville have not provided him

3

with adequate medical care while he has been incarcerated at that facility, and have denied his requests for such care.

## DISCUSSION

**A.     Severance and Transfer of Claims**

Plaintiff asserts claims under the FTCA against the United States of America, and claims under *Bivens* against Defendants Sage, Swaboski, Seffan, Loury, and Kubic, arising from events alleged to have taken place at FCI Schuylkill. For the reasons set forth below, the Court severs those claims from this action, and transfers them to the United States District Court for the Middle District of Pennsylvania.

>    **1.      Claims under the FTCA against the United States of America arising from events alleged to have occurred at FCI Schuylkill**

The relevant venue provision for claims brought under the FTCA against the United States of America provides that: "[a]ny civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

Plaintiff alleges no facts showing where he resides. He does allege, however, that most of the events alleged occurred at FCI Schuylkill, which is located in the Middle District of Pennsylvania. *See* https://www.bop.gov/locations/institutions/sch/ (Federal Bureau of Prisons's website for FCI Schuylkill). Thus, for the purpose of Plaintiff's claims under FTCA against the United States of America arising from events alleged to have occurred at FCI Schuylkill, while it is not clear that this court is a proper venue for such claims, it is clear that the United States District Court for the Middle District of Pennsylvania is a proper venue for such claims. *See* § 1402(b).

### 2. Claims under *Bivens* against Defendants Sage, Swaboski, Seffan, Loury, and Kubic

Claims under *Bivens* may generally be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff does not specify where any of the individual defendants resides. He does allege, however, that the individual defendants are all assigned to FCI Schuylkill, and that the alleged events giving rise to his claims against the individual defendants occurred at that facility, which is located the Middle District of Pennsylvania. Thus, while it is not clear that this court is a proper venue, under Section 1391(b)(1), for his claims under *Bivens* against those defendants, it is clear that the United States District Court for the Middle District of Pennsylvania is a proper venue, under Section 1391(b)(2).

### 3. Severance and transfer

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation

5

that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)") (internal quotation marks and citation omitted, alteration in original). Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Plaintiff's claims under the FTCA against the United States of America arising from events alleged to have occurred at FCI Schuylkill, in the Middle District of Pennsylvania, and his claims under *Bivens* against Defendants Sage, Swaboski, Seffan, Loury, and Kubic, which are also based on events alleged to have taken place at that facility, are not related to his claims that arise from events alleged to have occurred at FCI Otisville, which is located within this judicial district. Accordingly, under Rule 21, the Court severs from this action Plaintiff's claims under the FTCA against the United States of America arising from events alleged to have occurred at FCI Schuylkill, and his claims under *Bivens* against Defendants Sage, Swaboski, Seffan, Loury, and Kubic.

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the

interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transfer of the severed claims to the United States District Court for the Middle District of Pennsylvania appears to be appropriate. The events alleged with respect to the severed claims occurred at FCI Schuylkill, in the Middle District of Pennsylvania; it is therefore reasonable to expect that relevant documents and witnesses would also be located there. Thus, the United States District Court for the Middle District of Pennsylvania appears to be a more convenient forum for the severed claims. Accordingly, this Court transfers the severed claims to that court. *See* 28 U.S.C. § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**B.   Claims under the FTCA against the United States of America arising from events alleged to have occurred at FCI Otisville**

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Under the doctrine of sovereign immunity, an action for damages will not lie against the United States absent consent."). The FTCA provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680.

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999),

7

*abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong,* 575 U.S. at 420.

      To the extent that Plaintiff asserts claims under FTCA against the United States of America arising from events alleged to have occurred in FCI Otisville, it is unclear whether Plaintiff has exhausted the administrative remedies to bring to such claims. Plaintiff alleges that he "filed a tort claim concerning the pain and injury he suffered mentally, physically[,] [and] emotionally." (ECF 1, at 7.) He also alleges that he "has exhausted his administrative remedies with respect to all claims." (*Id.*) Plaintiff does not, however, indicate the agency with which he filed his administrative claim, when he filed his administrative claim, whether that administrative claim concerned events that allegedly occurred at FCI Otisville (as opposed to events that allegedly occurred at FCI Schuylkill), whether the federal government responded to his

administrative claim and, if it did, when. Because Plaintiff does not provide this information, it is not clear that he has exhausted the administrative remedies as to his claims under the FTCA against the United States of America arising from events alleged to have occurred at FCI Otisville. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which he alleges facts showing that he has exhausted administrative remedies as to those claims.

C.     **Claims under *Bivens* arising from events alleged to have occurred at FCI Otisville**

The Court understands Plaintiff's complaint as possibly asserting claims under *Bivens* against individuals who are officials assigned to FCI Otisville, arising from events alleged to have occurred at that facility. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights. . . . The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities."). A plaintiff asserting claims under *Bivens* must name individual federal officials as defendants and allege facts showing those federal officials' direct and personal involvement in the alleged constitutional violations. *See Reynolds v. United States*, No. 21-CV-4763, 2021 WL 3501201, at *2 (S.D.N.Y. Aug. 9, 2021) (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020)).

Plaintiff does not name as defendants any individual defendants alleged to be assigned to FCI Otisville who violated his federal constitutional rights while he has been incarcerated in that facility. Because it appears that Plaintiff may be attempting to assert such claims, and in light of his *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which he names as defendants individual members of the staff of FCI Otisville who have violated his federal constitutional rights while he has been incarcerated at that facility, and in which he

9

alleges facts showing those individual defendants' direct and personal involvement in such federal constitutional violations.

### D.    *Habeas corpus* relief under 28 U.S.C. § 2241

The Court understands Plaintiff's request for adequate medical treatment while he is incarcerated at FCI Otisville, or for his release to home confinement (for the purpose of his receiving adequate medical treatment at his own expense), as claims for *habeas corpus* relief under 28 U.S.C. § 2241. Claims "challenging the medical treatment afforded during [a federal prisoner's] confinement are properly brought as Section 2241 habeas petitions." *Allen v. Lindsay*, No. 09-CV-1283, 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010); *see also Carmona v. BOP*, 243 F.3d 629, 632 (2d Cir. 2001) ("A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction."); *Sullivan v. United States*, No. 02-CV-4947, 2002 WL 32096584, at *1 (E.D.N.Y. Dec. 6, 2002) ("Petitioner's request for review of [the Federal Bureau of Prisons's] decisions regarding medical treatment challenges the execution of his sentence. Accordingly, it should have been brought as a petition for habeas corpus pursuant to § 2241, and the Court hereby construes Petitioner's initial motion as such.").

#### 1.    **Proper respondent for claims seeking *habeas corpus* relief brought under Section 2241**

To the extent that Plaintiff seeks *habeas corpus* relief under Section 2241 as to the execution of his federal sentence while he is incarcerated at FCI Otisville, he has not named the correct party as a respondent. For claims for such relief, "[t]he proper respondent . . . is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242) (alteration in original). "[L]ongstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that

the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Id.* at 435. The Court therefore grants Plaintiff leave to amend his complaint to name the proper respondent for his claims for *habeas corpus* relief under Section 2241 as to the execution of his federal sentence while he is incarcerated at FCI Otisville – the warden of that facility.

      2.    **Exhaustion of administrative remedies as to *habeas corpus* relief arising from Plaintiff's incarceration at FCI Otisville**

The United States Court of Appeals for the Second Circuit has made clear that a federal prisoner asserting claims for *habeas corpus* relief under Section 2241 challenging the execution of his sentence must exhaust the available administrative remedies before filing his pleading. *Carmona*, 243 F.3d at 634. Failure to exhaust is a procedural default that will be excused upon a showing of cause and prejudice. *See id.* at 630, 633-34. A court may also excuse a litigant's failure to exhaust when: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) [an] administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks and citation omitted).

As stated above, Plaintiff alleges that he "filed a tort claim concerning the pain and injury he suffered mentally, physically[,] [and] emotionally." (ECF 1, at 7.) He also alleges that he "has exhausted his administrative remedies with respect to all claims." (*Id.*) It is not clear, however, that he has exhausted the Federal Bureau of Prisons's available administrative remedies with regard to the medical treatment he receives (or does not receive) at FCI Otisville and (if he does receive any at that facility) with regard to whether it is adequate. He also does not allege any reason why the Court should excuse the requirement to exhaust such administrative remedies. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend his complaint to allege

11

facts showing either that he has exhausted his administrative remedies as to the execution of his sentence while he has been incarcerated in FCI Otisville or that such exhaustion should be excused.

## CONCLUSION

The Court severs from this action, under Rule 21 of the Federal Rules of Civil Procedure, Plaintiff's claims against the United States of America arising from events alleged to have occurred at FCI Schuylkill, and Plaintiff's claims under *Bivens* against Defendants Sage, Swaboski, Seffan, Loury, and Kubic, and transfers those claims, under 28 U.S.C. § 1404(a), to the United States District Court for the Middle District of Pennsylvania.

The Court also grants Plaintiff 60 days' leave to file an amended complaint as to the claims remaining in this action. The Court grants Plaintiff leave to file an amended complaint in which he: (1) alleges facts showing that he has exhausted administrative remedies as to his claims under the FTCA against the United States of America arising from events alleged to have occurred at FCI Otisville; (2) names as defendants individual members of the staff of FCI Otisville who have violated his federal constitutional rights while he has been incarcerated at that facility, and alleges facts showing those individual defendants' direct and personal involvement in such federal constitutional violations; (3) names the proper respondent for his claims for *habeas corpus* relief under Section 2241 as to the execution of his federal sentence while he has been incarcerated at FCI Otisville – the warden of that facility; and (4) alleges facts showing either that he has exhausted his administrative remedies as to the execution of his sentence while he has been incarcerated in FCI Otisville or that such exhaustion should be excused. An amended complaint form is attached to this order.

If Plaintiff does not file an amended complaint within the time allowed, or fails to show cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment

dismissing this action. Such judgment will: (1) dismiss Plaintiff's claims against the United States of America arising from events alleged to have occurred at FCI Otisville under the doctrine of sovereign immunity and, consequently, for lack of subject matter jurisdiction and for seeking monetary relief from a defendant that is immune from such relief, *see* Fed. R. Civ. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(iii); (2) dismiss Plaintiff's claims under *Bivens* arising from events alleged to have occurred at FCI Otisville without prejudice; and (3) dismiss Plaintiff's claims for *habeas corpus* relief under Section 2241 as to the execution of Plaintiff's sentence at FCI Otisville without prejudice.

Because Plaintiff's claims for *habeas corpus* relief do not make substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 7, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge